■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CRAIG, Appellant.—Appeal from a judgment of the County Court, Otsego County, rendered May 17, 1971, convicting defendant, upon his plea of guilty of the crime of criminal possession of a dangerous drug in the fifth degree. On December 28, 1970 a detective of the Oneonta City Police received information from an informant that drugs were being sold from an orange colored 1970 Volkswagen Fastback station wagon bearing New York registration 2X 6025 which was discovered to be registered in the name of defendant's father. Ascertaining that the car described was, as he had been told, parked near the Oneonta Youth Center, the detective, thereupon, presented a deposition to the City Judge for the City of Oneonta and received a warrant to search the car. The resulting search produced a quantity of marijuana and hashish and defendant was arrested. Thereafter, the City Court Judge who had issued the warrant vacated it because the deposition upon which it was based was inadequate, and it is here conceded that the warrant was improperly issued. Despite this development defendant was indicted and he thereupon moved to suppress the introduction of the drugs on the ground that the search which produced the drugs upon which the charges were based was illegal. The motion was denied and defendant pleaded guilty and then brought the instant appeal. While the invalidity of the warrant is conceded, the People, nevertheless, attempt to justify the search on the basis of the "automobile exception" to the Fourth Amendment prohibition against unreasonable searches and seizures (e.g., *Carroll v United States,* 267 US 132). However, in the context of this case such a warrantless search is justified only where "the opportunity to search is fleeting" *(Chambers v Maroney,* 399 US 42, 51) and thus " 'it is not practicable to secure a warrant' " *(Coolidge v New Hampshire,* 403 US 443, 459–460; see *People v Lypka,* 42 AD2d 414, remitted on other grounds — NY2d —). "Where, however, there is no haste or urgency in the investigation, the automobile subexception does not apply" *(People v Singleteary,* 35 NY2d 528, 533; *Coolidge v New Hampshire, supra; People v Spinelli,* 35 NY2d 77, 81). Here, any such argument of urgency cannot be sustained since a warrant was, in fact, obtained prior to the search. It cannot, therefore, be argued that there was no ample time to secure a warrant. Accordingly, the search was not legal and the evidence should have been ordered suppressed. Judgment reversed, on the law and the facts; order denying motion to suppress reversed, motion granted. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR JAMES JOHNSON, Petitioner, v JOSEPH WASSER, as Sheriff of Sullivan County, Respondent.—Application for a writ of habeas corpus denied, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

## (April 23, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD OWENS,