■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GORDON HARTFORD, Respondent.—Appeal from an order of the County Court of Broome County, entered August 11, 1975, which granted a motion by defendant to suppress evidence. Defendant and his wife were estranged and the wife, awaiting a divorce, obtained an order of protection from the Broome County Family Court. On the evening prior to the day in question, after refusing to meet the defendant, the wife saw defendant parked in his car across the street from her residence. He had in his hand what appeared to be a gun. She called the police, but they were unable to locate him. The next morning she received a telephone call from the defendant who stated that he was outside her residence with a gun and wanted to talk to her. She again called the police who dispatched officers to the scene where they found the defendant. He was ordered out of the car and a search revealed bullets in his pocket. The car was also searched, but no weapon was found. The car was locked and left on the street and the defendant was taken to police headquarters, where he was arrested for violating the aforesaid order of protection. Approximately two hours later the police searched the car again and this time they discovered a pistol under the front seat. Defendant thereafter signed a confession and was indicted (Penal Law, § 265.02). After a hearing, the trial court ordered both the pistol and the ensuing confession suppressed, stating: "If the second search of the car can be held legal it can only be if this court finds that there was probable cause to search *plus* exigent circumstances present to justify a warrantless search * * * Here, the vehicle after the initial search was immobilized in that it was locked, left on the street some distance from and the defendant in custody at police headquarters with his car keys retained by police. Absent defendant's consent to search or removal for police inventory of the contents thereof we believe that any exigent circumstances had disappeared and that the police were duty bound to obtain a search warrant in order to make a more

thorough and second search of the car." We conclude that the search was valid and the order must be reversed. On this record the police had the right, based upon probable cause, to search defendant's vehicle at the time he was originally confronted. Since the search of defendant's automobile, seized on a city street, was conducted with probable cause, it is immaterial whether defendant was in police custody at the time. Under such circumstances, the police also had the right, if they saw fit, to tow the vehicle to a garage and there perform a warrantless search *(Chambers v Maroney,* 399 US 42; *People v Kreichman,* 37 NY2d 693; *People v Fustanio,* 35 NY2d 196; *People v Brown,* 28 NY2d 282). If exigent circumstances exist when a vehicle is first seized, a later search, not too removed in time from the seizure, is proper even though no exigent circumstances might exist thereafter *(Coolidge v New Hampshire,* 403 US 443, 463, n 20). If a later search in a police garage is permissible, so also must be a later search on a public street. The issue is whether or not the police were reasonable in their original seizure of the car; the location of the search is constitutionally irrelevant *(Cady v Dombrowski,* 413 US 433, 446–447). We conclude, therefore, that the warrantless second search, some two hours after the original one, cannot now be assailed. In any event, on this record, exigent circumstances did exist at the time of the second search. In the instant case, with the strong possibility that there was a deadly weapon in the car, the exigent circumstances were the potential danger to the general public if an intruder were to remove the revolver from under the seat of the automobile *(Cady v Dombrowski, supra,* p 447). The trial court held that *People v Brown (supra)* and *People v Singleteary* (35 NY2d 528) are distinguishable from the instant case in that those cases involved a successful first search of the vehicle. We hold this distinction to be irrelevant. While the successful first search may provide probable cause for a further search, the probable cause which allowed the first search in itself permits the later search *(Cady v Dombrowski, supra; Chambers v Maroney, supra; People v Maier,* 47 AD2d 344). The defendant's reliance on *People v Spinelli* (35 NY2d 77), *People v Craig* (47 AD2d 978) and *People v Singleteary (supra)* is misplaced. *Spinelli* involved a seizure from defendant's private property, a situation governed by different rules than the instant case of a seizure on a public road *(People v Kreichman, supra).* Furthermore, in *Spinelli* the police had the vehicle under watch for four months, had probable cause to search throughout that period and no possible exigent circumstances could be said to have existed. Similarly in *Craig,* the police did obtain a search warrant and their own actions in obtaining the warrant belied their claim, made later when the warrant was vacated, that exigent circumstances existed. *Singleteary* does reaffirm the exigent circumstances doctrine, but it does not answer the question of whether such circumstances need exist at the time of a later search which question had been answered in the negative by *Kreichman.* Order reversed, on the law and the facts, and motion denied. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.