■ The People of the State of New York, Respondent, v Edward Evans, Appellant. [693 NYS2d 593] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered September 27, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The critical question on this appeal is not whether defendant's arrest was supported by probable cause, but whether there was probable cause for the search of defendant's person which yielded $950 in cash. There is no evidence in the record that the money was recovered from defendant prior to the recovery of the drugs from the cooler where defendant had been seen placing his hand. Officer Driscoll testified that as he entered the bodega, he told defendant "to get down on his knees [and then] placed handcuffs on him." After that, Driscoll "went to the refrigerator * * * and found a brown bag [containing drugs]." Suppression is not required " 'simply because [evidence] was discovered subsequent to an illegal arrest' " (*People v Arnau*, 58 NY2d 27, 36, *cert denied* 468 US 1217, quoting *People v Rogers*, 52 NY2d 527, 535, *cert denied* 454 US 898); it must be shown that "the evidence seized was come at by exploitation of the illegal police activity" (*supra*, at 37). Here, the recovery of the drugs, which reasonably appeared to have been deposited by defendant, furnished the necessary probable

cause for the search of defendant's person. Even if probable cause for defendant's arrest was lacking, since there is no evidence that the cash was recovered by exploitation of any such illegal police activity, defendant is not entitled to suppression.

Defendant's claim that the verdict convicting him of sale while acquitting him of possession with intent to sell was repugnant is not preserved for appellate review, and we decline to review it in the interest of justice. Were we to review this claim, we would find no repugnancy in light of the court's charge (*People v Tucker*, 55 NY2d 1).

Defendant's challenge to the sufficiency of the evidence, including his collateral estoppel argument based on his acquittal of the possession count, is likewise unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. In the context of review of sufficiency of evidence, the principle of collateral estoppel is inapplicable to verdicts reached in a single trial (*People v Laboy*, 254 AD2d 80; *see also, United States v Powell*, 469 US 57, 58; *Ohio v Johnson*, 467 US 493, 500, n 9), and defendant's acquittal on the possession count did not undermine the sufficiency of the evidence supporting the sale count (*see, People v Vaughn*, 242 AD2d 458, *lv denied* 91 NY2d 837). Concur—Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.