■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND ALFORD, Appellant. [886 NYS2d 902]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 30, 2007, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant appeals from a judgment of conviction rendered upon his retrial. At the defendant's first trial, which involved a multiple-count indictment, he was acquitted of one count of robbery in the first degree under Penal Law § 160.15 (4), and two counts of criminal sexual act in the first degree under Penal Law § 130.50 (1), but was convicted of rape in the first degree under Penal Law § 130.35 (1). On a prior appeal, this Court reversed the judgment of conviction and ordered a new trial (*see People v Alford*, 33 AD3d 1014 [2006]).

In the retrial before the same Justice, the Supreme Court permitted evidence of the alleged robbery and criminal sexual acts. On appeal from the judgment rendered after the retrial, the defendant contends that this evidence should have been precluded by the doctrine of collateral estoppel and that its admission deprived him of the right to a fair trial. However, as the defendant failed to advance this particular argument before the trial court, his contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garcia*, 5 AD3d 150 [2004]; *People v Evans*, 263 AD2d 431 [1999]).

In any event, any error in permitting the contested evidence was harmless, as the evidence of the defendant's guilt was overwhelming and there was no reasonable possibility that the alleged error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Smith*, 56 AD2d 686 [1977]).

The defendant's remaining contention is without merit. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.