Wither, J.
On this appeal defendant contends that the judgment should be reversed because the trial court erroneously denied his motion to suppress certain items of personal property which were, subsequently introduced into evidence against him and resulted in his conviction of burglary. A review of the suppression hearing testimony discloses that at about midnight on November 15, 1971 Officer Haskins of the Livingston County Sheriff’s Department surprised a burglar, who then eluded him. By radio the officer promptly reported the incident and a description of the burglar to his headquarters and to other Sheriff’s patrols in the area. Shortly thereafter and five miles away Officer Ni Castro of the same department, acting upon Haskins’ radio advice, stopped a speeding automobile operated by defendant Fustanio, in which one Hadden was a sole passenger. It was raining very hard.
Officer Ni Castro arrested Fustanio for speeding. He observed that Hadden was breathing hard, was nervous and very wet, and that he fitted the description of the burglar which Officer Haskins had given. Officer Ni Castro radioed to his fellow officer, Patrick Gillan, to come to the scene.
Upon Gillan’s arrival Ni Castro advised him that Hadden’s appearance gave grounds to suspect that he was the man who eluded Officer Haskins. Officer Gillan asked Fustanio if he could “ check the trunk ” of his automobile. Fustanio replied that the officer “ could look ”, and Fustanio opened the trunk for him. Gillan made a “ quick visual search ” of the trunk and saw there a silver colored bar about three feet long with a hook *199 on the end of it. Because of the weather and their desire to have Officer Haskins see Fustanio and Hadden, the officers decided to go to the scene of the burglary at once. Hadden was put into Grillan’s patrol car, and the officers had Fustanio drive his vehicle back to the burglary scene, escorted by the two patrol cars.
At the pretrial suppression hearing it was found, and is undisputed, that on arrival at the burglary scene Officer Haskins identified Hadden as the burglar, and Hadden was immediately arrested therefor. Fustanio’s automobile was promptly seized, the bar was removed from the trunk and Fustanio was arrested on the charge of possession of a burglar’s instrument. His automobile was then towed to the Sheriff’s parking lot, arriving there at about 4:00 a.m. while it was still raining, and it was kept there in custody of the Sheriff. Later that morning at about 8:45 o’clock another deputy searched the trunk of this vehicle and found a police radio and other items therein. Defendant’s motion to suppress them was denied after a hearing, upon the ground that the consent which defendant gave at midnight to Officer Grillan to “ look ” into the trunk was a general consent for the Sheriff’s Department to search the trunk at any time concerning this incident, and those items were admitted into evidence against defendant upon the trial.
A question of law is presented as to whether Fustanio’s consent that Officer Grillan 1 ‘ could look ’ ’ into the trunk extended to all the officers of the Sheriff’s Department and continued into the next morning and authorized the search of the trunk made at that time. The court is divided on the resolution of that question. We find it unnecessary to determine that question, however, for a majority Of the court are in agreement that there was ample basis for search of the automobile.
Officer Grillan had seen the bar in the trunk of Fustanio’s automobile when Fustanio opened it for him. When, at the scene of the burglary, Officer Haskins positively identified Fustanio’s passenger, Hadden, as the burglar there existed probable cause not only for the arrest of Hadden but for seizure of the automobile and the arrest of Fustanio for possession of a burglar’s instrument.
It is well established that once the police have lawfully taken possession of an arrested person’s property, especially where *200 there is knowledge or probable cause that it contains contraband or evidence of the crime, they have the right to examine it — to search it — within a reasonable time and at a reasonably convenient place for such contraband or other evidence of the crime for which the arrest was made (People v. Perel, 34 N Y 2d 462, 466-468; People v. Brosnan, 32 N Y 2d 254, 260-261; People v. Brady, 16 N Y 2d 186, 189). This is so, even if the search may not be justified as an incident of the arrest (Chambers v. Maroney, 399 U. S. 42, 47-48). In light of the circumstances existing at the time of the arrest, that is, the hour, the rain and the place, it was reasonable for the police to defer their further search of defendant’s automobile until later that morning at the Sheriff’s parking lot, where the vehicle had remained in police custody. The denial of the suppression motion was, therefore, proper.
Accordingly, the order of the Appellate Division should he affirmed.