■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE STEPHENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 2, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the packet of narcotics purchased by the undercover police officer was inadmissible at trial due to the People's failure to establish an adequate chain of custody is without merit. It is well settled that "a chain of custody should be tested not by the satisfaction of a technical series of steps, but by whether the proof satisfies the rationale for requiring an evidentiary foundation" *(People v Julian,* 41 NY2d 340, 344). Here, we find that the undercover officer's testimony, combined with that of the Police Department's chemist, provided adequate assurances of the identity and unchanged condition of the contraband *(see, People v Wilson,* 150 AD2d 628, 630; *People v Donovan,* 141 AD2d 835, 836-837). Accordingly, the gap in custody between the officer's sealing of the vouchered narcotics envelope and the chemist's receipt thereof shall not operate to bar its admission into evidence *(see, People v Wilson, supra).* Indeed, such deficiencies are properly resolved by the jury in its evaluation of the weight of the evidence *(see, People v Julian, supra,* at 344; *People v Donovan, supra,* at 837).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248), or devoid of merit *(see, People v Ashwal,* 39 NY2d 105, 109; *People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Suitte,* 90 AD2d 80, 83). Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.