■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY MIRANDA, Appellant. [595 NYS2d 783] —Appeal from the

judgment of the Supreme Court, New York County (Joan B. Carey, J.), rendered June 14, 1991, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of four and one-half to nine years, unanimously held in abeyance, pending receipt of a decision in the hearing ordered herein; the order of the same court and Justice, entered October 29, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, is reversed, on the law and facts, and the motion granted solely to the extent of directing a hearing.

On the evening of October 29, 1990, in the vicinity of 248 Nagle Avenue, New York County, the defendant was arrested for participating in the sale of four vials of cocaine to an undercover police officer in exchange for twenty dollars.

Officer Gallagher, a member of the back-up team was designated the arresting officer in this "buy and bust" operation. He testified that he was given a sum of money, by a supervisor, consisting of ten and twenty dollar bills, which he photocopied together with an identification cover card, containing his name, the buy operation, his 61 number, the date of the operation, the time he recorded the money, the time he gave the money to the undercover, and the undercover's shield number. After completing the photocopying, he gave that pre-recorded money to the undercover Officer Vega for the operation. That photocopy was admitted as Defendant's Exhibit A. However, during cross-examination, Officer Gallagher admitted he had originally given the prosecutor the wrong photocopy (Defendant's Exhibit B) of pre-recorded buy money, consisting of five and ten dollar bills, which, he testified had been used in an unrelated operation. He realized he made the error the afternoon before he was scheduled to testify, and on that same afternoon reported the error to the trial prosecutor, and requested and received, from a fellow officer, a faxed copy of the correct photocopy. The defense vigorously cross-examined Officer Gallagher about the erroneous date of October 29, 1991, which was on Exhibit A, and in summation contended that the officer had allegedly forged Defendant's Exhibit A, when he realized that Detective Vega testified that he had used a twenty dollar bill to purchase the cocaine.

After trial, defendant, by subpoena duces tecum, obtained a third photocopy of money (Exhibit C of defendant's Appendix). This Exhibit C is a photocopy of the same five and ten dollar bills depicted in Defendant's Exhibit B, but the "cover cards"

over the same bills are substantially different. The one introduced at trial, Exhibit B, is missing the top line appearing on C. Also, the "buy operation" numbers differ, as do the times, the undercover officer to whom the pre-recorded money was given, and the Organized Crime Control Bureau number.

Initially, we note that defendant's contention that the People violated their obligations under *People v Rosario* (9 NY2d 286) in not turning over the photocopy in Exhibit C to the defendant at the trial, would be without merit if Defendant's Exhibit C was not relevant to Officer Gallagher's direct testimony. If the exhibit was not prepared in connection with defendant's case, it would not be a statement constituting *Rosario* material *(People v Goldman,* 175 AD2d 723, 725, *lv denied* 78 NY2d 1076).

However, issues have been raised by the defendant concerning the similarities of the bills in Exhibits B and C (the bills have the same serial numbers and appear in the same order), while the "cover cards" over the bills are substantially different, as noted above. Accordingly, we direct a hearing on defendant's CPL article 440 motion so that these issues can be fully explored, and we hold the appeal in abeyance pending the results of such hearing. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.