■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. BONILLA, Appellant. [606 NYS2d 27] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 27, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

About 8:30 P.M. on June 30, 1991, a police officer investigating illegal drug-related activity in the Village of Haverstraw in Rockland County, observed the defendant in a location known for drug transactions take seven aluminum foil packets out of a small pouch, count them out, and then hand them to another man. The officer radioed to other officers in nearby vehicles that he had just observed a drug sale, including the information about the exchange of the foil packets; he also provided relevant descriptions of the participants and of the red Ford van driven by the defendant, including its license plate number.

One of the receiving officers ultimately apprehended the other participant in the exchange, finding on his person the seven aluminum foil packets containing what appeared to be cocaine. He immediately radioed this information to an officer in pursuit of the defendant's red Ford van. The pursuing officer stopped the van, and the defendant was arrested for the sale and possession of cocaine. A subsequent search of the van revealed a pouch containing additional packets of cocaine.

Prior to trial, the defendant moved to suppress the physical evidence of the drugs found in the van, contending that probable cause to arrest him in the first instance was lacking and that the search of the van was thus unlawful. The court properly denied suppression of the drugs. The observing officer was trained and experienced in recognizing the foil packets as the hallmark of illicit drug activity and the exchange occurred in a location which was the site of previous drug sales. In addition, one of the receiving officers had radioed to the officer pursuing the defendant that the foil packets taken from the other participant in the exchange had contained what appeared to be cocaine. All of these factors combined to provide the pursuing officers with the requisite probable cause to arrest the defendant (see, People v McCray, 51 NY2d 594; People v Balas, 104 AD2d 1039).

Moreover, since the transmitting officer had probable cause to arrest, the officer who received the radioed information acted justifiably in actually carrying out the warrantless arrest of the defendant pursuant to the "fellow officer" rule (see, People v Rosario, 78 NY2d 583, 588; People v Lypka, 36 NY2d 210, 212). Finally, because the officers had probable cause to believe that the van contained additional evidence pertinent to the drug charges, the automobile exception to the warrant requirement authorized them to make the contemporaneous search of the vehicle's passenger compartment, including any closed containers found therein, i.e., the pouch containing nine more aluminum foil packets of cocaine (see, People v Blasich, 73 NY2d 673, 678; People v Belton, 55 NY2d 49, 53-55).

The defendant's sentence is not excessive (see, People v Suitte, 90 AD2d 80). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.