■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BRATHWAITE, Appellant. [613 NYS2d 26] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered September 12, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Further, the defendant's contention that narcotics which he had thrown to the ground while being chased by police officers were inadmissible at trial due to the People's failure to establish an adequate chain of custody is without merit. It is well settled that "a chain of custody should be tested not by the satisfaction of a technical series of steps, but by whether the proof satisfies the rationale for requiring an evidentiary

foundation" *(People v Julian,* 41 NY2d 340, 344). Here, the police officer's testimony combined with that of the police chemist provided adequate assurances of the identity and unchanged condition of the narcotics *(see, People v Stephens,* 189 AD2d 837; *People v Wilson,* 150 AD2d 628, 630). Accordingly, any gap in custody between the officer's sealing of the vouchered narcotics envelope and the chemist's receipt thereof did not operate to bar the admission of the narcotics into evidence *(see, People v Stephens, supra).* Further, any gap in the chain of custody or any irregularities in the notations on the evidence envelope were properly resolved by the jury in its evaluation of the weight of the evidence *(see, People v Julian, supra; People v Stephens, supra; People v Newman,* 129 AD2d 742).

The defendant's remaining contentions are without merit. Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.