■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MATEO, Appellant. [613 NYS2d 384] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 15, 1992, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 6 to 18 years, unanimously affirmed.

The IAS Court did not err in admitting the recovered bullets into evidence since the People demonstrated that the circumstances surrounding the handling of those bullets provided reasonable assurances of their identity and unchanged

condition *(see, People v Murray,* 191 AD2d 397, *lv denied* 82 NY2d 723). Testimony established that the gun and bullets were taken from the scene to the precinct by a detective who vouchered and sealed them in one property bag. A ballistics detective later tested the weapon and sealed it in another bag with the bullets. Another ballistics detective received that bag and retested the gun first with ballistics supply bullets, and later with one of the vouchered cartridges. In court, that detective recognized the gun, three live cartridges and one discharged shell "by the information on my report and the pocket that I heat sealed it in when I tested the gun", and by his signature on the bag and the serial number of the gun. Moreover, the detective who originally vouchered the recovered bullets identified the bullets proffered at trial as being the same ones based on their indented primers, and stated that they were in substantially the same condition except for the fact that one of them had been test-fired. Defendant's complaint that, for example, this detective failed to initial or otherwise mark the recovered bullets is unavailing. The People having provided reasonable assurances of identity and unchanged condition, any alleged gap in the custodial chain goes to the weight to be accorded the bullets and not to their admissibility *(see, supra,* at 398).

We have considered defendant's remaining contention and find it to be both unpreserved and without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.