■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARONDA POWELL, Appellant. [619 NYS2d 788] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered January 5, 1993 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a

---

controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On April 1, 1992, police officers executed a search warrant at a second-floor apartment located at 143 Clinton Street in the City of Albany. The officers retrieved several small bags of crack cocaine wrapped in white tissue paper from underneath a rock or brick located on the ground near the building approximately three feet below the rear bedroom window.* In the pocket of a coat found hanging in a bedroom closet and from the closet floor, the officers recovered several razor blades in their original paper wrappers. Some rolling papers, a razor blade and a pink zip-loc plastic bag were found laying on top of the refrigerator. From a letterholder on a kitchen counter, the officers retrieved a cable bill, a telephone bill and a letter, each in defendant's name listing 143 Clinton Street as her residence. Finally, the police discovered a loaded .38-caliber semiautomatic pistol hidden in a work glove on top of some weeds in the backyard. Defendant, codefendant William Ruffin and their infant child were present in the apartment at the time of the search.

Defendant and Ruffin were indicted for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the second degree, a class B and two C felonies, respectively. Ruffin pleaded guilty and testified at the trial that he came from Dutchess County on the average of two times per month and stayed with defendant for up to four days. He testified that he sold cocaine out of the laundromat located on the first floor of 143 Clinton Street and on the street but not from the second-floor apartment. Ruffin acknowledged that the cocaine and pistol were his and stated that defendant did not know about them or his drug dealing.

The jury returned a verdict convicting defendant of the counts charging criminal possession of a controlled substance and acquitted defendant on the weapon charge. Supreme Court sentenced defendant as a second felony offender to concurrent prison sentences of 8 to 16 years on the conviction for criminal possession of a controlled substance in the third degree and 6 to 12 years for criminal possession of a controlled substance in the fourth degree. Defendant appeals.

We affirm. Viewing the evidence in a light most favorable to the People, we find that it was sufficient to warrant a reason-

---

* Testimony established that the ground in back sloped up so that the rear bedroom window in the second floor apartment was nearly at ground level.

able jury to conclude beyond a reasonable doubt that defendant exercised dominion and control over the area in which the drugs were found and amply supports the People's theory of constructive possession (see, *People v Manini*, 79 NY2d 561, 573-575). The telephone bill, the cable bill and the letter found in the apartment were proof that defendant resided in the second-floor apartment at 143 Clinton Street. While the drugs were found under a brick outside the apartment, the evidence showed that the bedroom window was only three feet above ground level, providing easy access to an occupant who could simply step outside the window. Furthermore, evidence that the entire backyard was enclosed by a 7- to 8-foot fence with no gate made access by nonoccupants of the apartment very difficult and therefore highly improbable. Although the evidence was circumstantial, it was inconsistent with defendant's claim of innocence and excluded to a moral certainty every other reasonable hypothesis except defendant's guilt (see, *People v Francis*, 79 NY2d 925, 926).

Moreover, we reject defendant's claim that she was denied a fair trial through the introduction of uncharged crimes on the People's direct case. The brief statement of Detective John Pologa that a person seen exiting 143 Clinton Street prior to the raid was found to be "in possession" was limited in detail and did not prejudice defendant in light of Ruffin's testimony that he dealt drugs without defendant's knowledge out of the laundromat located on the first floor of 143 Clinton Street (cf., *People v Terrence*, 205 AD2d 301). Furthermore, the People's introduction of the razor blade, zip-loc bag and rolling papers did not constitute evidence of uncharged crimes as the possession of these implements are not illegal (see, Penal Law § 220.50), and in any event constituted probative evidence on the charge of criminal possession of a controlled substance in the third degree (see, Penal Law § 220.16 [1] [possession with intent to sell]; *People v Ventimiglia*, 52 NY2d 350).

There is also no merit to defendant's contention that she was deprived of a fair trial through the admission of the cocaine due to the People's failure to establish an adequate chain of custody. The fact that there may have been a gap in the chain of custody between delivery of the contraband to the Police Department's Identification Forensic Unit and the New York State Police Crime Lab, or that the police officer who allegedly transported the contraband to the State Police Crime Lab did not testify that he in fact did so, is not fatal to establishing its chain of custody. The combined testimony of the police officers and the State Police chemist "provided

adequate assurances of the identity and unchanged condition of the contraband" *(People v Stephens,* 189 AD2d 837, *lv denied* 81 NY2d 1081; *see, People v Leach,* 203 AD2d 483, *lv denied* 83 NY2d 968). Any deficiencies in the chain of custody only involved the weight to be accorded the evidence and not its admission *(see, People v Julian,* 41 NY2d 340, 344; *People v Leach, supra; People v Stephens, supra).*

In view of the nature of defendant's crimes and her prior felony conviction, the sentence imposed, which was not the harshest permitted *(see,* Penal Law § 70.06 [3] [b], [c]), was not unduly harsh and excessive *(see, People v Taylor,* 141 AD2d 982, 984).

Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.

