■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN WALKER, Appellant. [632 NYS2d 68] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered February 13, 1992, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of $12^1/_2$ to 25 years and $7^1/_2$ to 15 years, respectively, unanimously affirmed.

The voucher for defendant's eyeglasses taken from him at the time of his arrest, which voucher was not turned over to the defense until the middle of trial, did not constitute *Rosario* material (*People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; CPL 240.45 [1] [a]) with respect to Detective Mullin's testimony, since it did not contain any statements or descriptions of the events or participants in the incident, was not completed by that detective, and the item vouchered did not relate to the detective's direct testimony (*see, People v Miranda,* 192 AD2d 352, 354). Although it is also questionable whether or not the voucher related to the testimony of Detective Favilla who prepared the document, the voucher was turned over to the defense prior to his testimony and the sanction imposed by the trial court, striking certain testimony and precluding the prosecutor from questioning Favilla with respect to the voucher, cured any prejudice caused by any violation of the *Rosario* rule (*see, People v Ranghelle,* 69 NY2d 56, 63; *cf., People v Jarrells,* 190 AD2d 120). Defendant's *pro se* contention that the failure to timely turn over two detective's reports (DD5's) also constituted a violation of the *Rosario* and *Brady* rules (*Brady v Maryland,* 373 US 83) is similarly without merit since the detective who prepared the documents did not testify at trial (CPL 240.45 [1] [a]) and since the information contained therein did not tend to exculpate him or affect the credibility of a witness who testified at trial.

It was not an improvident exercise of discretion for the trial court to have denied the defense application to relieve counsel

prior to and during the pretrial suppression hearing nor was good cause demonstrated requiring a hearing on the matter (*see, People v Smith*, 192 AD2d 310, *affd* 82 NY2d 731; *People v Newell*, 200 AD2d 451). In light of the conclusory assertions proffered in support of the application and the fact that the case had been pending before the trial court for several months, "the court had a clear picture of the 'nature of the disagreement' between defendant and counsel and its 'potential for resolution' ", and was therefore in the best position to determine the merit of the application (*People v Smith, supra*, at 312, quoting *People v Sides*, 75 NY2d 822, 825). The fact that the court granted counsel's ex parte application for the same relief at the conclusion of the hearing, based on his assertion that defendant had threatened him, in no way indicated that counsel's representation of defendant during the hearing was compromised by any alleged threats. The record reveals that the dissolution of the attorney/client relationship based on defendant's actions occurred after the hearing was completed.

Defendant's additional *pro se* contention that he was also deprived of the effective assistance of trial counsel may not be reviewed on appeal since he relies on facts dehors the record (CPL 440.10; *see, People v Brown*, 45 NY2d 852, 853-854).

We have considered defendant's remaining contentions including that raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Asch, JJ.