■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE CEANFUEGOS, Appellant. [633 NYS2d 55] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cozier, J.), rendered February 1, 1993, convicting him of a criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to establish a sufficient chain of custody for the narcotics which were admitted into evidence is without merit. It is well settled that "a chain of custody should be tested not by the satisfaction of a technical series of steps, but by whether the proof satisfies the rationale for requiring an evidentiary foundation" (People v Julian, 41 NY2d 340, 344). Here, the testimony of the police officers combined with that of the police chemist provided adequate assurance of the identity and unchanged condition of the narcotics (see, People v Braithwaite, 204 AD2d 733; People v Stephens, 189 AD2d 837). Accordingly, any gap in custody which occurred between the sealing by the undercover police officer of the vouchered narcotics envelope and the chemist's receipt of the envelope goes to the weight to be given the evidence and not its admissibility (see, People v Braithwaite, supra; People v Leach, 203 AD2d 483; People v Stephens, supra).

The defendant further maintains that it was error for the trial court to advise prospective jurors during voir dire that the defendant might testify, and to indicate which of the potential witnesses in the case would be called by the defense. Although we agree that it was improper for the court to inform the prospective jurors that the defendant might testify and call

witnesses *(see, People v Boyd,* 74 AD2d 647, *affd* 53 NY2d 912), the error was harmless in view of the court's prompt curative instruction, the fact that the defendant did testify, and the overwhelming evidence of his guilt *(see, People v Boyd, supra; People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either without merit or are unpreserved for appellate review. Altman, J. P., Hart, Freidmann and Krausman, JJ., concur.