■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREEMAN WHITNEY, Appellant. [639 NYS2d 416] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered March 11, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly determined that the police had probable cause to arrest the defendant on March 16, 1993. An officer experienced in narcotics investigations observed the defendant had what appeared to be square, one-inch, plastic, ziplock bags—the "hallmark" of a drug transaction (see, People v McRay, 51 NY2d 594, 605)—to a second individual in exchange for what appeared to be U.S. currency of an unknown denomination. The transaction occurred at night in an area known for narcotics-related activity. Following the transaction, the second individual was apprehended and four small ziplock bags containing what appeared to be crack cocaine were recovered. Based upon the totality of the circumstances, the hearing court properly determined that the officers had probable cause to believe that the defendant was engaged in an illegal drug transaction (see, People v McRay, supra; People v Montano, 207 AD2d 913; People v Malsh, 188 AD2d 686; People v Robinson, 133 AD2d 473; see also, People v Randolph, 157 AD2d 866).

The People adequately established chain of custody of the crack cocaine admitted into evidence. The testimony of the police officers who handled the evidence and the forensic chemist who tested and examined the evidence provided reasonable assurances of its identity and unchanged condition (*see, People v Julian*, 41 NY2d 340; *People v Martin*, 203 AD2d 592; *People v Ciro*, 195 AD2d 568). Contrary to the defendant's contention, the inconsistencies in the evidence relating to chain of custody affects the weight of the evidence, not its admissibility (*see, People v Rivera*, 213 AD2d 281; *People v Brathwaite*, 204 AD2d 733; *People v McLaurin*, 196 AD2d 511; *People v Stephens*, 189 AD2d 837).

The defendant's remaining contention is without merit. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.