■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY HALL, Appellant. [651 NYS2d 575] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered December 5, 1990, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant argues that the hearing court should have suppressed the glassine envelopes and vials containing heroin and cocaine because the arresting officer saw no exchange or transaction of any kind. He further argues that the prosecu-

tion presented no evidence that the arresting officer had ever been involved in a drug-related arrest or that the defendant was in an area known to be the site of narcotics sales. As a result, it is urged, the defendant's actions fell below the minimum standard for establishing probable cause for an arrest. Since there is no evidence in that the defendant specifically raised these contentions at the hearing, the issue is unpreserved for review (CPL 470.05 [2]). In any event, the argument lacks merit.

It is clear that courts have consistently recognized that a glassine envelope is a telltale sign of heroin (*see, People v McRay,* 51 NY2d 594, 601; *People v Whitney,* 224 AD2d 648). However, additional relevant behavior is necessary to raise the level of inference from suspicion to probable cause (*People v McRay, supra,* at 601). Such additional circumstances may include a high incidence of drug trafficking in a particular area, the police officer's experience and training in narcotics investigations, and furtive, evasive, or suspicious behavior on the part of the defendant (*People v McRay, supra,* at 604).

Here, a review of the *Mapp* hearing reveals that the arresting officer saw the defendant take a quantity of glassine envelopes out of a brown paper bag he was carrying, and then put them back. He walked towards a van parked in front of his residence and placed the bag underneath the front seat. While he walked, the defendant kept stopping to turn and look around. At the time of this incident, the officer had over five years of experience, had made over 1,200 arrests, and, at the time of the defendant's arrest, was assigned to a specialized narcotics unit. He had taken a narcotics course at the police academy which involved instruction in recognizing the packaging of both heroin and cocaine, as well as another course prior to his assignment to the narcotics unit. Based on these circumstances, including the numerous glassine envelopes, the defendant's furtive behavior, and the officer's training, the hearing court properly found that the officer had probable cause to arrest the defendant (*see, People v McRay, supra; People v Whitney, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.