■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO BONACHEA, Appellant. [663 NYS2d 377] —Casey, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 3, 1996 in Ulster County, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree.

In early March 1995, defendant and Juan Zapata met with undercover State Police Investigator James Serrano and offered to provide him with any amount of cocaine that he wished to purchase. Neither defendant nor Zapata knew Serrano's real identity. Subsequently, on March 7, 1995 and again on March 30, 1995, defendant and Zapata delivered packages of cocaine to Serrano in a parking lot in the Village of Ellenville, Ulster County, pursuant to orders Serrano had made. After the latter transaction was complete, Serrano, who was wearing a hidden microphone, signaled backup officers who were in a nearby van to arrest defendant and Zapata. When the backup team approached, shooting erupted during which Zapata was shot and killed by a State Trooper as Zapata held a gun to Serrano's head. Defendant was then apprehended and indicted and, after a jury trial, convicted of criminal sale of a controlled substance in the first and third degrees (counts 1 and 3), criminal possession of a controlled substance in the second and fourth degrees (counts 2 and 4), and criminal possession of a weapon in the third degree (count 5). He was sentenced to concurrent terms of imprisonment of 15 years to life on count 1, 8 years to life on count 2, 3 to 9 years on counts 3 and 4, and 2⅓ to 7 years on count 5.

Defendant's initial contention on appeal is that it was prejudicial for the jury to have learned that taped conversations existed of both transactions when these tapes, although initially introduced and identified, were ultimately not admitted into evidence. Defendant further contends that this error, together with the prosecutor's reference to these tapes during summation, tainted the jury's verdict requiring reversal of his conviction pursuant to *People v Rosenfeld* (11 NY2d 290). We disagree.

Initially, we note that as defendant failed to make any objection when the alleged violations occurred, his claims are not preserved for our review (*see, People v Ryan*, 240 AD2d 775, 777; *People v Murphy*, 188 AD2d 742, 743-744, *lv denied* 81 NY2d 890). Furthermore, Supreme Court's curative instructions were sufficient and appropriate to alleviate any possible prejudice to defendant. Although the audiotapes were excluded by Supreme Court in the middle of the trial because they were mostly in Spanish and somewhat inaudible, prior testimony regarding the tapes was admissible as being foundational to their introduction. Finally, any error by Supreme Court or the prosecutor was at most harmless considering the overwhelming evidence of defendant's guilt (*see, People v Miller*, 239 AD2d 787, 789).

Nor do we find any merit in defendant's claim that the chain of custody of the cocaine from the second transaction was not established. This claim stems from the fact that defendant passed the cocaine, which was in a sock, to Serrano who left it unattended after Zapata was shot. A review of the record reveals the existence of reasonable assurances that the evidence was intact and only left for short intermittent periods, during which time the crime scene was secured, and the identity of the substance and its nature remained unchanged (*see, People v Powell*, 209 AD2d 879, 881, *lv denied* 84 NY2d 1037).

We have considered the other errors claimed by defendant and find them to be harmless and/or lacking in merit. The judgment should, therefore, be affirmed.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.