■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW L. POLK, Also Known as ANDREW POLK, Appellant.

[669 NYS2d 217] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered May 25, 1995, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 15 years of life, and judgment, same court and Justice, rendered October 12, 1995, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a concurrent term of 8 years to life, unanimously affirmed.

Our review of the record establishes that there was no *Rosario* violation. The personal property release form prepared by a testifying police officer, which merely listed personal property returned to defendant, did not constitute a prior statement of the witness (*People v Rosario*, 9 NY2d 286, 289, *cert denied* 368 US 866; *see also, People v Walker*, 220 AD2d 214, *lv denied* 87 NY2d 909). In any event, a fair reading of the record indicates that attempts were made to locate the form, that the form was lost, and that its loss was not attributable to lack of due diligence by the prosecution. Further, defendant suffered no discernible prejudice from the loss of the form, particularly in light of defendant's vigorous arguments in summation regarding the significance of the unproduced property form, as permitted by the court's ruling. Thus, the court properly exercised its discretion in denying defendant's application for an adverse inference charge (*People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077). Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.