■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LATHIGEE, Appellant. [679 NYS2d 483] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Defendant contends that two property receipts, which were signed by the owner of the weapon found in the possession of defendant, constitute *Rosario* material that the People failed to disclose. We disagree. The receipts, signed by the owner when he retrieved his property from the police, do not contain statements, factual accounts or descriptions of the events underlying the charges; therefore, they do not constitute *Rosario* material (*see, People v Polk,* 247 AD2d 342; *People v Walker,* 220 AD2d 214, *lv denied* 87 NY2d 909, *lv dismissed* 87 NY2d 926; *People v Moolenaar,* 207 AD2d 711, *lv denied* 84 NY2d 1013, 85 NY2d 864; *People v Durgey,* 186 AD2d 899, 902, *lv denied* 81 NY2d 788).

The chain of custody evidence is sufficient to provide reasonable assurances of the identity and unchanged condition of the items seized from defendant (*see, People v Julian,* 41 NY2d 340, 343; *People v Ceanfuegos,* 220 AD2d 680, *lv denied* 87 NY2d 971; *People v Casado,* 212 AD2d 1028, 1029, *lv denied* 85 NY2d 970; *People v Mateo,* 205 AD2d 377, 377-378, *lv denied* 84 NY2d 829). Defendant further contends that he was entitled to an adverse inference charge based upon the failure of the police to comply with the notice requirements of Penal Law § 450.10 before releasing the items seized from defendant to their owner. We disagree. Defendant did not seek to test the gun or ammunition prior to trial, there is no indication that the police acted in bad faith, and defendant failed to show prejudice resulting from the lack of prior notice (*see, People v Borders,* 163 AD2d 852, *lv denied* 76 NY2d 891). Photographs of the items taken before their release were admitted at trial (*see, People v Whiten,* 156 AD2d 606, 607, *lv denied* 75 NY2d 926), and defense counsel commented upon the fact that the evidence was missing in attempting to impeach the credibility of the police witnesses (*see, People v Callendar,* 207 AD2d 900, 900-901, *lv denied* 84 NY2d 1029). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Posses-

sion Weapon, 3rd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Boehm, JJ. (Filed Aug. 19, 1998.)