■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL THOMAS, Appellant. [704 NYS2d 867] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered November 25, 1997, convicting him of robbery in the second degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to raise the issue before the trial court, his present challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858, 859; People v Vega, 183 AD2d 864, 865). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Under the totality of the circumstances, the defendant was not denied the effective assistance of counsel (see, People v Benevento, 91 NY2d 708). Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILDER, Appellant. [704 NYS2d 867] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered June 22, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the People provided adequate assurances of the identity and unchanged condition of the narcotics entered into evidence at trial (see, People v Julian, 41 NY2d 340; People v Brathwaite, 204 AD2d 733).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.