■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KHALIL FAHIE, Respondent. [748 NYS2d 30]

The Supreme Court erred in granting that branch of the defendant's omnibus motion which was to suppress physical evidence. The arresting officer testified that he was a six-year veteran of the New York City Police Department, assigned to the Narcotics Division, and that he observed the defendant hand an unidentified woman a zip-lock bag in exchange for money in a drug-prone location. The arresting officer also testified that the defendant ran when the officer approached him. Once the arresting officer detained the defendant, he recovered $137 and a plastic bag containing crack cocaine from the defendant's person and placed him under arrest.

The Court of Appeals has held that the observation of an exchange of glassine envelopes for money in a known drug-prone location by a "qualified observer" supports a finding of probable cause, and that the exchange of such envelopes is the "hallmark" of a drug transaction (*People v McRay*, 51 NY2d 594, 598, 604-605). Further, this Court has also concluded that the exchange of a zip-lock bag for money is the "hallmark" of a drug transaction (*see People v Whitney*, 224 AD2d 648).

Accordingly, under the totality of the circumstances presented herein, the police had a sufficient basis to stop, detain, search, and then arrest the defendant for criminal possession of a controlled substance (*see People v Jones*, 90 NY2d 835; *People v McRay, supra*; *People v Whitney, supra*). Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.