THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN POWELL, Appellant. [820 NYS2d 324]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered October 21, 2004, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the suppression hearing amply supported the hearing court's conclusion that his arrest was based on probable cause. A veteran police officer with extensive training and experience in street-level narcotics sales observed the defendant park his vehicle at a location known for narcotics trafficking. An individual previously suspected by the police of being involved in drug activity then entered the vehicle, and the defendant handed him a small bag in exchange for currency. As the purchaser exited the vehicle, the approaching police officers asked him to stop, but he threw the bag to the ground and attempted to flee. While the officers engaged in a struggle with the purchaser, the defen-

dant revved his car engine and attempted to put the vehicle into gear, although the officers instructed him not to leave the scene. The defendant was then arrested. Once additional officers arrived at the location and secured the scene, the police recovered the discarded bag and found that it contained numerous smaller bags of cocaine. The defendant and his vehicle were then transported to police headquarters, where a search of the defendant's person revealed additional drugs and currency and a search of his vehicle yielded $1,000 in cash from the driver's visor.

The experienced police officer's observation of a hand-to-hand transaction between the defendant and a known drug suspect at a location known for narcotics trafficking, coupled with the purchaser's act of discarding the bag and the attempted flight of both the defendant and the purchaser from the approaching officers, under all of the attendant circumstances, provided a valid legal basis for the forcible detention and arrest of the defendant (*see People v Jones,* 90 NY2d 835 [1997]; *People v McCray,* 51 NY2d 594; *People v Jack,* 22 AD3d 238 [2005]; *People v Fahie,* 297 AD2d 821 [2002]; *People v Oeller,* 191 AD2d 355 [1993], *affd* 82 NY2d 774 [1993]).

Moreover, the search of the defendant's vehicle at police headquarters, which was conducted shortly after the defendant's arrest, was proper, since there was reason to believe that the vehicle might contain additional contraband (*see People v Blasich,* 73 NY2d 673 [1989]; *People v Langen,* 60 NY2d 170 [1983], *cert denied* 465 US 1028 [1984]; *People v Milerson,* 51 NY2d 919 [1980]; *People v Fustanio,* 35 NY2d 196 [1974]; *People v Cruz,* 7 AD3d 335 [2004]; *People v Bonilla,* 199 AD2d 519 [1993]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.