■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNELL FAUST, Appellant. [970 NYS2d 881]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered January 20, 2011, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court should have suppressed drugs discovered during a search conducted pursuant to his arrest, which, he asserts, was carried out without probable case. Contrary to the defendant's contention, the hearing court properly concluded that the police had probable cause for his arrest. The evidence adduced at the hearing established that a trained and experienced police officer on a surveillance assignment in a high-crime area observed the defendant standing on the street, nervously looking around him before pouring a brown, powder-like substance from a waxy envelope into an open cigar. These facts would lead a reasonable person who possessed the same expertise as the officer to conclude that a crime was being committed (*see People v McRay*, 51 NY2d 594, 598 [1980]; *People v Vega*, 56 AD3d 578, 579 [2008]; *People v Powell*, 32 AD3d 544, 545 [2006]; *People v Cabot*, 88 AD2d 556, 557 [1982]). The seizure of the drugs from the defendant was, therefore, the result of a search incident to a lawful arrest (*see People v Inge*, 90 AD3d 675, 676 [2011]; *People v Parker*, 306 AD2d 543 [2003]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

Contrary to the defendant's contention, the trial court properly discharged a sworn juror upon determining that her state of mind prevented her from rendering an impartial verdict (*see People v Buford*, 69 NY2d 290 [1987]; *People v Johnson*, 83 AD3d 1094, 1095 [2011]; *People v Chavez*, 275 AD2d 888 [2000]; *cf. People v Mejias*, 21 NY3d 73 [2013]; *People v Porter*, 77 AD3d 771 [2010]). Rivera, J.P., Roman, Miller and Hinds-Radix, JJ., concur.