■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR FRAZIER, Appellant. [34 NYS3d 467]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered October 26, 2011, convicting him of burglary in the second degree (eight counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The credibility determina-

tions of a court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Tissiera*, 22 AD3d 611 [2005]). Contrary to the defendant's contention, the testimony of a police detective that the defendant waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (*cf. People v Garafolo*, 44 AD2d 86, 87 [1974]; *see generally People v Calabria*, 3 NY3d 80, 82 [2004]), and the court properly determined that the defendant's statements were knowing and voluntary.

Contrary to the contentions raised at points 1 through 5 of the defendant's pro se supplemental brief, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The arguments raised at points 6 and 7 of the defendant's pro se supplemental brief are without merit.

The arguments raised at points 8, 9 and 10 of the defendant's pro se supplemental brief are based on evidence that is not part of the record on appeal, and therefore, these arguments cannot be addressed on direct appeal (*see generally People v Rohlehr*, 87 AD3d 603, 604 [2011]). The proper vehicle for addressing these claims is a CPL 440.10 motion, upon which matter outside the record can be considered (*see id.* at 604). Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.