■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZHAR WIGGINS, Appellant. [48 NYS3d 676]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Harrington, J.), rendered June 17, 2015, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Paradiso, J.), of the suppression of physical evidence and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of physical evidence and the defendant's statements to law enforcement officials. "The hearing court's credibility determinations are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Grant*, 83 AD3d 862, 863 [2011]; *see People v Frazier*, 140 AD3d 977, 977-978 [2016]). Here, the record supports the hearing court's determination to credit the testimony of a detective, experienced in policing drug crimes, that from 10-15 feet away, he observed the defendant exchange a small plastic bag for currency. Further, this observation, coupled with the defendant's immediate flight upon seeing the detectives, the detectives' training and experience, and testimony that the exchange oc-

curred in an area known for drug crime, were sufficient to supply probable cause for the defendant's arrest (*see People v McRay*, 51 NY2d 594, 603-604 [1980]; *People v Vega*, 56 AD3d 578, 579 [2008]; *People v Powell*, 32 AD3d 544, 544-545 [2006]; *People v Hall*, 234 AD2d 478, 479 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second and third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant argues that certain jurors should have been dismissed for cause based upon comments they made during jury selection. However, the defendant waived this contention by failing to challenge the jurors for cause before they were sworn (*see* CPL 270.15 [4]; *People v Boyce*, 118 AD3d 1016, 1017 [2014]; *People v Sellers*, 295 AD2d 629 [2002]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.