People v Birch (2019 NY Slip Op 02716)





People v Birch


2019 NY Slip Op 02716


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2015-06251
2015-07358

[*1]The People of the State of New York, respondent,
v
Kyle Birch, appellant. (Ind. Nos. 568/14, 2464/14)


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Barry Kron, J.), both rendered May 29, 2015, convicting him of criminal possession of a weapon in the third degree under Indictment No. 568/14, and bail jumping in the second degree under Indictment No. 2464/14, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 568/14 brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgments are affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 257). The Supreme Court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Waldon, 157 AD3d 913, 913; People v Pelaez, 100 AD3d 803, 803). Moreover, the court's colloquy did not ensure the defendant's understanding of the distinction between the waiver of his right to appeal and other rights automatically forfeited on a plea of guilty (see People v Rivas, 166 AD3d 1019; People v Melendez, 164 AD3d 1473; People v Waldon, 157 AD3d at 913-914; People v Pelaez, 100 AD3d at 803). The court also misstated the law by informing the defendant, in effect, that the appeal waiver would preclude him from challenging the voluntariness of his plea (see People v Waldon, 157 AD3d at 914; People v Pelaez, 100 AD3d at 803). Although the record includes a written waiver of the right to appeal signed by the defendant, the court failed to ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Rivas, 166 AD3d 1019; People v Pierre, 165 AD3d 1175; People v Waldon, 157 AD3d at 914; see also People v Callahan, 80 NY2d 273, 283). Since the appeal waiver was invalid, it does not preclude appellate review of his contention that the court should have granted that branch of his omnibus motion which was to suppress physical evidence.
However, we agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress physical evidence. Where police acting in [*2]their criminal law enforcement capacity initiate an encounter with private citizens, the propriety of the encounter must be assessed under the four-tiered analytical framework articulated in People v De Bour (40 NY2d 210) and reaffirmed in People v Hollman (79 NY2d 181). "The minimal intrusion of approaching to request information," or a level-one inquiry, "is permissible when there is some objective credible reason for that interference not necessarily indicative of criminality" (People v De Bour, 40 NY2d at 223; see People v McIntosh, 96 NY2d 521, 525; People v Hollman, 79 NY2d at 184). "[A] request for information is a general, nonthreatening encounter in which an individual is approached for an articulable reason" (People v Hollman, 79 NY2d at 191; see People v McIntosh, 96 NY2d at 525; People v Kennebrew, 106 AD3d 1107, 1108). However, an officer's "friendly greeting" does not constitute a request for information (People v Thorton, 238 AD2d 33, 35). "A rule that turned facially innocuous words into a Level I inquiry based on the defendant's subjective reaction would be unworkable" (id. at 35).
Here, the testimony at the suppression hearing established that at approximately 11:40 p.m. on December 26, 2013, police officer James Conaghan and his partner, both members of the gang squad, were wearing plainclothes and traveling in an unmarked vehicle when they observed the defendant and two other males walking on the sidewalk along a chain-link fence on Cornaga Avenue in Queens. As Conaghan and his partner drove alongside the group, Conaghan asked, from a rolled-down passenger window, "fellas, how you doing tonight." Conaghan then observed the defendant "motion and throw an unknown object over the fence." Conaghan and his partner stopped and exited their vehicle, identified themselves as police officers, and approached the defendant. While Conaghan asked the defendant what he had thrown, his partner hopped over the fence and retrieved the object, which they identified as a switchblade knife.
We agree with the Supreme Court's determination that the comment, "fellas, how you doing tonight," constituted a greeting and not a level-one De Bour inquiry (see People v Thorton, 238 AD2d 33; cf. People v Wells, 226 AD2d 406). Conaghan testified at the suppression hearing that, when he asked the defendant and the two other males how they were doing, the window to the vehicle was already rolled down and his partner did not stop the vehicle. He also testified that he often greeted people on the street in this manner. Moreover, the credibility determinations of a court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Frazier, 140 AD3d 977; People v Wilson, 96 AD3d 980, 981). A review of the record supports the court's finding that Conaghan's testimony was credible.
Since there was no impermissible request for information by Conaghan, the defendant's "unprovoked and wholly voluntary" act of throwing the switchblade was not in direct and immediate response to any illegal actions by the police (People v Faines, 297 AD2d 590, 594; cf. People v Boodle, 47 NY2d 398). The recovery of the switchblade was not tainted by any illegality, because no illegal inquiry occurred (see People v Faines, 297 AD2d 590). Thus, we agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress physical evidence.
The defendant's remaining contention, that his conviction of bail jumping in the second degree should be dismissed in the interest of justice, is without merit.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court