People v Arcila (2019 NY Slip Op 07879)





People v Arcila


2019 NY Slip Op 07879


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-07731
 (Ind. No. 1709/15)

[*1]The People of the State of New York, respondent,
v
Louis Arcila, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Yael V. Levy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered June 7, 2018, convicting him of official misconduct and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of official misconduct and endangering the welfare of a child beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to decline to give an intoxication charge to the jury (see Penal Law § 15.25). A defendant may establish entitlement to an intoxication charge " "if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent"'" (People v Flynn, 165 AD3d 973, 976, quoting People v Sirico, 17 NY3d 744, 745, quoting People v Rodriguez, 76 NY2d 918, 920). Here, viewing the evidence in the light most favorable to the defendant, there was insufficient evidence to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (see People v Sirico, 17 NY3d at 746; People v Flynn, 165 AD3d at 976).
We also agree with the Supreme Court's determination to decline to give a missing witness charge for the complainant's nephew. The Court of Appeals has explained that the framework for deciding a request for a missing witness charge involves a burden-shifting analysis [*2](see People v Smith, 33 NY3d 454, 458-459). Specifically, "[t]he proponent initially must demonstrate only three things via a prompt request for the charge: (1) that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case,' (2) that such witness can be expected to testify favorably to the opposing party,' and (3) that such party has failed to call' the witness to testify" (id. at 458-459, quoting People v Gonzalez, 68 NY2d 424, 427). The party opposing the charge, in order to defeat the proponent's initial showing, must either account for the witness's absence or demonstrate that the charge would not be appropriate (see People v Smith, 33 NY3d at 459). If the party opposing the charge succeeds in rebutting the proponent's prima facie showing, the proponent "retains the ultimate burden to show that the charge would be appropriate" (id.). Here, the defendant failed to show that the complainant's nephew was knowledgeable about a material issue in the case and would be expected to provide testimony favorable to the prosecution. We note that defense counsel had the opportunity to comment during summation on the People's failure to call the witness (see People v Fassino, 169 AD3d 921, 922-923; People v Barber, 133 AD3d 868, 870).
The defendant waived his contention that one of the jurors was not qualified to serve by failing to challenge that juror for cause before he was sworn (see CPL 270.15[4]; People v Wiggins, 146 AD3d 995, 996; People v Sellers, 295 AD2d 629).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court