OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On the afternoon of November 18, 1989, Detective Steven Hector observed defendant in a conversation with an unidentified woman in an area he characterized as a drug-prone location. The woman handed defendant money in exchange for an object that Hector was unable to see. Hector was an experienced police officer trained specifically in the packaging, recognition and manner of selling narcotics. Given the particular way the woman handled the item, he believed a drug transaction had just taken place.
 

 Defendant walked a short distance away, removed a plastic bag from his person and secreted it among some cinder blocks at a construction site. At that point, Hector apprehended defendant. A full search of defendant yielded $650 in currency, and the plastic bag retrieved from the cinder blocks contained 62 vials of a substance later determined to be "crack” cocaine.
 

 Supreme Court, without a hearing, initially denied defendant’s motion to suppress physical evidence. Upon reversal and remand by the Appellate Division, it held a
 
 Mapp
 
 hearing and denied suppression of the money. Defendant was convicted after trial of criminal possession of a controlled substance in
 
 *837
 
 the third and fourth degrees. The Appellate Division affirmed, one Justice dissenting.
 

 In
 
 People v McRay
 
 (51 NY2d 594), this Court explained that various factors, when combined with the street exchange of a "telltale sign” of narcotics, may give rise to probable cause that a narcotics offense has occurred. Those factors relevant to assessing probable cause include the exchange of currency; whether the particular community has a high incidence of drug trafficking; the police officer’s experience and training in drug investigations; and any "additional evidence of furtive or evasive behavior on the part of the participants”
 
 (id.,
 
 at 601, 604).
 

 Although we recognized in
 
 McRay
 
 that the passing of a "telltale sign” of narcotics strongly suggests an illicit drug transaction
 
 (see,
 
 51 NY2d at 603-604), we did not find a "telltale sign” to be an indispensable prerequisite to probable cause. Detective Hector was unable to identify the object given to the woman, but he observed other indicia of a drug transaction. In particular, the other participant handled the unidentified object in a manner typical of a drug sale. Following the exchange, moreover, defendant suspiciously concealed a plastic bag among some nearby cinder blocks — an act that was not only furtive but also could raise the particular inference to a trained observer that defendant was hiding the remainder of his "stash.”
 

 Furthermore, the transaction involved the exchange of currency, took place in a drug-prone location and was observed by an experienced officer who was trained in the investigation and detection of narcotics. Therefore, even though the officer observed only a single transaction, there was evidence in the record to support the finding of probable cause and that finding is beyond this Court’s further review
 
 (compare, People v Matienzo,
 
 81 NY2d 778;
 
 People v Leung,
 
 68 NY2d 734;
 
 People v Washington F.,
 
 167 AD2d 554;
 
 People v Mills,
 
 145 AD2d 578).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.