■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUPERT SHERWOOD, Appellant. [665 NYS2d 409] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at hearing; Nicholas Figueroa, J., at jury trial and sentencing), rendered March 20, 1996, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 5¼ to 10½ years and 6 months, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. There was ample evidence establishing probable cause for defendant's arrest, including an exchange of money for unseen objects taken out of a plastic bag, recognized by the experienced observing officer to be a drug transaction (*see, People v Jones*, 90 NY2d 835), and the fact that, prior to arresting defendant, the police learned that drugs had been recovered from defendant's purchaser shortly after the transaction with defendant took place.

By failing to request further relief after appropriate curative action by the court, defendant has not preserved his current claim that the People's summation denied him a fair trial, and we decline to review it in the interest of justice. Were we to review it, we would find that the challenged portions of the People's summation do not warrant reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant's remaining contention is unpreserved and without merit. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.