■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL HARDY, Appellant. [713 NYS2d 316] —Judgment, Supreme Court, Bronx County (Robert Straus, J., at suppression hearing; Efrain Alvarado, J., at jury trial and sentence), rendered October 1, 1997, convicting defendant of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to concurrent terms of 2 to 6 years, unanimously affirmed.

Defendant's suppression motion was properly denied. In this observation sale case, testimony from the observing officer was not necessary because probable cause was properly established through the testimony of the arresting officer (*see, People v Ketcham*, 93 NY2d 416). The trial court properly denied

defendant's motion to reopen the suppression hearing based upon defendant's discovery from the Grand Jury minutes that the observing officer did not actually see a transfer of drug vials. This information could not have changed the result of the suppression hearing, because there was ample evidence establishing probable cause for defendant's arrest, including exchanges of money for unseen small objects, recognized by the observing officer to be drug transactions (*People v Jones*, 90 NY2d 835). Moreover, prior to arresting defendant, the police recovered drugs from two of defendant's purchasers. Concur— Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.