■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KORAN WILKINS, Appellant. [802 NYS2d 422]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered April 16, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. A trained and experienced narcotics officer observed defendant, during two separate transactions, enter the vestibule of a store with what reasonably appeared to be prospective customers and

leave the store shortly thereafter. During the first transaction, defendant removed a plastic bag from his pants as he entered the store. During the second transaction, defendant again removed the bag from his pants, and this time took out an unidentified object which he gave to the apparent customer in return for currency. Although the officer did not see an actual transfer until the second incident, the two incidents formed an unmistakable pattern.

"Street sellers of narcotics should not enjoy an immunity from arrest or search merely because they are able to conceal their wares during the exchange; concealment is itself a common characteristic of illegal conduct. . . .

"[A]ny person observing defendant and his [two] customers and his method of operation, using good common sense, would have, in the totality of circumstances, concluded that defendant was involved in the sale of narcotics" (*People v Graham*, 211 AD2d 55, 59-60 [1995], *lv denied* 86 NY2d 795 [1995]; *see also People v Jones*, 219 AD2d 417 [1996], *affd* 90 NY2d 835 [1997]).

Accordingly, there was probable cause for defendant's arrest. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Sweeny, JJ.