■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RODRIGUEZ, Also Known as DANIEL ORTIZ, Appellant. [828 NYS2d 62]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 6, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's suppression motion. At 3:30 A.M., an officer saw defendant standing on the street in a particularly drug prone location. The officer was trained and highly experienced in narcotics investigations, and had made over 100 drug arrests on that same block. The officer saw a man approach defendant and engage in a brief conversation with the defendant, after which defendant accepted money from the man and gave him an unidentified object, which the man concealed in his hand as he walked away. We conclude that the totality of circumstances established probable cause for defendant's arrest. Although there was only one transaction, "any person observing defendant . . . , using good common sense, would have, in the totality of circumstances, concluded that defendant was involved in the sale of narcotics" (*People v Graham*, 211 AD2d 55, 60 [1995], *lv denied* 86 NY2d 795 [1995]). This transaction was not susceptible of an innocent explanation, such as the possibility of a sale of a lawful commodity; defendant's conduct was "hardly the type of behavior engaged in by legitimate street vendors, who advertise their wares openly" (*id.*). Furthermore, "the purchaser's manner of holding and glancing at the exchanged object" (*People v Jones*, 219 AD2d 417, 422 [1996], *affd* 90 NY2d 835 [1997]) was easily recognizable to the experienced officer as typical of a drug sale. Concur—Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.