■ The People of the State of New York, Respondent, v Darryl Marrant, Appellant. [845 NYS2d 323]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J., at suppression hearing; Ruth Pickholz, J., at jury trial and sentence), rendered September 21, 2005, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 years and 2½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The officer's observations provided probable cause for defendant's arrest (*see People v Jones*, 90 NY2d 835 [1997]).

The court properly exercised its discretion in denying defendant's newly substituted lead counsel's request for additional preparation time, as well as his subsequent motion for a mistrial, and these rulings did not deprive defendant of a fair trial or effective assistance of counsel. At the beginning of the trial, a lead counsel and a junior counsel from the same defender organization represented defendant. At the end of jury selection, the lead counsel had a family emergency and another experienced attorney from the same organization entered the case. Although the new lead counsel received a half day to prepare, he unsuccessfully requested additional time. Under the particular circumstances, including the simplicity of the evidence and the involvement of the junior attorney, who was thoroughly familiar with the case, we find no basis for reversal. Defendant received a vigorous defense that comported with the state and federal standards for effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication that the lack of additional preparation time had any effect on the conduct of the defense. Defendant was not prejudiced by the circumstance that counsel presented to the jury, in a belated fashion, a particular inconsistency involving grand jury minutes. Concur— Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.