■ The People of the State of New York, Respondent, v Torrie Jamal Wilson, Appellant. [847 NYS2d 169]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered October 9, 2001, as amended August 12, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. From an observation post at a highly drug-prone intersection, a police sergeant saw a pattern of suspicious conduct that led him to a reasonable conclusion, based on his experience and training, that defendant and another man had just engaged in a drug transaction. This provided probable cause to arrest defendant (*see People v Jones*, 90 NY2d 835 [1997]; *People v Schlaich*, 218 AD2d 398 [1996], *lv denied* 88 NY2d 994 [1996]). The sergeant made a radio transmission of his observations, including defendant's location and description. The arresting officer heard the radio broadcast and found defendant, who matched the description, near the location, and the evidence supports the inference that the arrest was lawful under the fellow officer rule (*see People v Mims*, 88 NY2d 99, 113-114 [1996]). Incident to this arrest, the police immediately made a lawful search of a bag they found on defendant's person (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]). Concur—Lippman, P.J., Mazzarelli, Andrias, Buckley and Sweeny, JJ.