■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY THOMAS, Appellant. [852 NYS2d 83]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., on speedy trial motion; William A. Wetzel, J., at hearing, jury trial, sentencing and resentencing), rendered November 15, 2004, as amended May 23, 2005, convicting defendant of criminal possession of a controlled substance in the first degree and unlawful possession of marijuana, and sentencing him, as a second felony drug offender, to an aggregate term of 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion. A narcotics officer observed a pattern of suspicious actions by defendant and the other participants in the transaction, which, when viewed as a whole and in light of the officer's expertise

(see *People v Valentine*, 17 NY2d 128, 132 [1966]), was inconsistent with a transfer of some lawful item and instead indicated that defendant had just acquired drugs (see *People v Jones*, 90 NY2d 835 [1997]; *People v Schlaich*, 218 AD2d 398 [1996], *lv denied* 88 NY2d 994 [1996]). Accordingly, the police had reasonable suspicion upon which to stop defendant's car.

Defendant received effective assistance of counsel under the state and federal standards (see *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defense counsel filed a speedy trial motion that was excessively generalized and factually inaccurate, and, when the People filed a response that showed there was not enough includable time to warrant dismissal under CPL 30.30, counsel did not submit any reply. However, upon our review of the periods of delay at issue, we conclude that defendant has not established that proper motion practice by his trial counsel would have resulted in dismissal of the indictment.

Defendant was properly adjudicated a second felony drug offender based on his New Jersey conviction, which is for the equivalent of a New York felony. There is no merit to either his statutory (see e.g. *People v Reilly*, 273 AD2d 143 [2000], *lv denied* 95 NY2d 937 [2000]) or his constitutional (see *Almendarez-Torres v United States*, 523 US 224 [1998]) challenges to that adjudication.

We have considered and rejected defendant's pro se claims, including those relating to the suppression and ineffective assistance issues. Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ.