Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., J), rendered May 20, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). We reject defendant’s contention that County Court erred in refusing to suppress the cocaine found on defendant. According to the evidence presented by the People at the suppression hearing, a State Trooper with many years of experience in narcotics investigations was assigned to work undercover in an area known for drug activity. That Trooper observed a man reach his hand into the driver’s side window of a vehicle driven by defendant. Immediately thereafter, the man walked away from the vehicle and approached the Trooper’s vehicle and sold marihuana to the Trooper. Although the Trooper testified that he did not observe anything exchanged between that man and defendant, in his experience a drug transaction had occurred. We agree with County Court that the evidence thus supported a finding that there was probable cause to believe that defendant had engaged in criminal activity (see People v Jones, 90 NY2d 835, 837 [1997]; People v Montalvo, 293 AD2d 380 [2002], lv denied 98 NY2d 699 [2002]). The undercover team summoned *1222 by the Trooper then was entitled to stop defendant’s vehicle, and it discovered the cocaine upon searching defendant after ordering him to exit the vehicle (see People v Thomas, 48 AD3d 314, 314-315 [2008], lv denied 10 NY3d 871 [2008], cert denied 555 US —, 129 S Ct 415 [2008]).
By failing to renew his motion for a trial order of dismissal after presenting the testimony of a witness, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Pryor, 48 AD3d 1217, 1218 [2008], lv denied 10 NY3d 868 [2008]). In any event, the evidence is legally sufficient and the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “Contrary to the defendant’s contention, the People were not required to prove that he had knowledge of the weight of the cocaine he possessed in order to establish that he committed the crime of criminal possession of a controlled substance in the fifth degree” (People v Ballard, 51 AD3d 1034, 1035 [2008], lv denied 11 NY3d 734 [2008]; see Penal Law § 15.20 [4]; People v Green, 32 AD3d 1181 [2006], lv denied 7 NY3d 902 [2006]). Defendant’s unpreserved contention that the court erred in failing to instruct the jury that it must find that defendant knew the pure weight of the controlled substance is lacking in merit (see generally Ballard, 51 AD3d at 1035; Green, 32 AD3d 1181 [2006]). Present — Scudder, P.J., Martoche, Centra, Lunn and Gorski, JJ.