Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 29, 2006, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
*376 The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). At a particularly drug-prone location, an officer recognized defendant from a recent investigation into a possible drug transaction. Defendant was holding a plastic bag and counting something. When defendant saw the officer, he pushed the bag up his sleeve, and when the officer approached, defendant secreted the bag in his pants, apparently placing it in his buttocks. This unusual and furtive behavior was highly suspicious (see generally People v Jones, 90 NY2d 835 [1997]), particularly since defendant’s behavior on the prior occasion had similarities to this incident, and the police accordingly had reasonable suspicion justifying a forcible stop and detention. When defendant told the officer that he had drugs in his buttocks, this provided probable cause for his arrest (see People v Hall, 10 NY3d 303 [2008], cert denied 555 US —, 129 S Ct 159 [2008]).
Defendant did not preserve his claim that the evidence failed to establish a valid consent to the removal by police of drugs from his buttocks area, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Lippman, P.J., Gonzalez, Moskowitz, Acosta and Renwick, JJ.