Judgment, Supreme Court, New York County (Robert M. Stolz, J., at motion to controvert search warrant; Herbert I. Altman, J.H.O., at Darden hearing; Ruth Pickholz, J, at Mappl Dunaway/Huntley hearing, plea, and sentencing), rendered June 15, 2010, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.
Defendant challenges the denial of his motion to suppress evidence, made on the ground that the evidence was the fruit of an unlawful stop. Defendant also challenges the denial of suppression of other evidence obtained from his apartment pursuant to a search warrant. In each instance, we find no basis for suppression of any evidence.
In a drug-prone location, an officer saw defendant standing on the street, looking up the street with a cell phone in his hand. Eventually, a late model BMW with New Hampshire plates pulled up and defendant entered it. While defendant and the car’s female driver were parked, the officer saw defendant *482 and the driver make hand motions that reasonably suggested an exchange of unidentified objects, concealed in closed fists. The driver then tucked into her brassiere the item that defendant had apparently handed her.
Based on his extensive experience in drug arrests, the officer recognized these actions, viewed as a whole, to form a pattern of suspicious activity indicative of a drug transaction (see People v Jones, 90 NY2d 835 [1997]; People v Bonilla, 81 AD3d 555 [2011], lv denied 17 NY3d 792 [2011]; People v Smith, 60 AD3d 456 [2009] [concealment of unknown object in sock among factors suggesting drug sale], lv denied 12 NY3d 859 [2009]). Accordingly, the police had reasonable suspicion upon which to stop the car in which defendant was a passenger.
The court properly denied defendant’s motion to controvert the search warrant. Nothing in the testimony at either the initial or the reopened Darden hearing (People v Darden, 34 NY2d 177 [1974]) provided any basis for suppression, or required a further reopening of the hearing (see People v Adrion, 82 NY2d 628, 635 [1993]; People v Bradley, 181 AD2d 316, 319 [1992], appeal dismissed 81 NY2d 760 [1992]). Concur — Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.