Judgment, Supreme Court, New York County (Kibbie F. Eayne, J., at suppression motion; Renee A. White, J., at plea; Michael R. Sonberg, J., at sentencing), rendered July 14, 2009, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of one year, unanimously affirmed.
The court properly denied defendant’s suppression motion. When the police approached the parked car in which defendant was sitting next to the driver, this did not constitute a seizure, even if the police car blocked the parked car (see People v Thomas, 19 AD3d 32, 35-37 [1st Dept 2005], lv denied 5 NY3d 795 [2005]).
The police had an objective, credible reason for approaching the car (see id. at 37), which was parked at a fire hydrant, and the police did not observe anything to indicate that any passengers were being discharged. “[A]ny reasonable person would understand that, for obvious reasons of public safety, stopping one’s car beside a hydrant invites the attention of law enforcement” (id. at 39).
Furthermore, the police also observed a pattern of suspicious actions that at least suggested the possibility of a drug transaction (see generally People v Jones, 90 NY2d 835 [1997]). These indicia, when viewed collectively, provided, at a minimum, an independent basis for a level I approach to request information. The officer’s lawful approach led to an observation of drugs in plain view, which provided probable cause to arrest defendant. Concur — Gonzalez, EJ., Saxe, Catterson, Acosta and Gische, JJ.