People v Ayarde (2018 NY Slip Op 03750)





People v Ayarde


2018 NY Slip Op 03750


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6661 1616N/13

[*1]The People of the State of New York, Respondent,
v
Juan Ayarde, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at speedy trial motion; A. Kirke Bartley, Jr., J. at suppression hearing, jury trial and sentencing), rendered October 21, 2014, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to a term of three years, unanimously reversed, on the law, the suppression motion granted, and the matter remanded for a new trial.
The court should have granted defendant's motion to suppress physical evidence recovered from his person. The People's theory, which is reflected in the suppression court's findings, is that nontestifying officers lawfully detained defendant based on reasonable suspicion provided by a testifying detective's radioed communication, that the testifying detective then acquired probable cause for an arrest, that he then identified defendant to the other officers, and that these officers then searched defendant incident to a lawful arrest. However, because of a lack of proof about the sequence of events, the record fails to support this theory.
Initially, we agree with the People that the police had reasonable suspicion to detain defendant based on the detective's report that he saw a possible drug transaction in which a Hispanic man later identified as defendant, who was wearing a black leather jacket, handed a bag containing two small white objects to another man before walking away, in close temporal and spatial proximity to defendant's apprehension (see People v Wilson, 104 AD3d 593 [1st Dept 2013], lv denied 21 NY3d 1011 [2013]). However, this information did not establish probable cause to arrest and search defendant. The detective did not testify that he observed anything that appeared to be money being exchanged or handled by either of the two men, that there was anything furtive about their behavior aside from the sheer brevity of their encounter, or that the area was particularly drug prone (compare People v Jones, 90 NY2d 835 [1997]; People v McRay, 51 NY2d 594 [1980]).
When the detective recovered a bag containing drugs after the apparent buyer discarded it, this clearly raised the level of suspicion to probable cause. However, the nontestifying officers had detained defendant based only on the information known at the time of the initial radioed report. The People's assertion that the search occurred after the testifying detective made a confirmatory identification of defendant is unsupported by the record. In fact, the detective could not specify when the search occurred, or when he learned about it, and the People did not call any witnesses to testify about the nature and timing of the search based on personal knowledge.
Accordingly, the physical evidence recovered from defendant should have been suppressed. We find that the denial of the suppression motion was not harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237 [1975]), particularly in light of the prosecutor's repeated references to the recovered plastic bags in its summation.
The court properly denied defendant's speedy trial motion. We find that all the periods [*2]disputed on appeal were excludable. Accordingly, defendant is not entitled to dismissal of the indictment. Since we are ordering a new trial, we find it unnecessary to reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK