People v Potter (2021 NY Slip Op 04308)





People v Potter


2021 NY Slip Op 04308


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


630 KA 19-00781

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK POTTER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered October 9, 2018. The judgment convicted defendant upon his plea of guilty of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law
§ 130.35 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his contention that County Court erred in refusing to suppress a written statement that he provided to the police (see generally People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]), that contention is not preserved for our review because defendant did not raise the particular ground advanced on appeal either in his omnibus motion papers or at the suppression hearing (see generally People v Panton, 27 NY3d 1144, 1144-1145 [2016]; People v Ricks, 49 AD3d 1265, 1266 [4th Dept 2008], lv denied 10 NY3d 869 [2008], reconsideration denied 11 NY3d 740 [2008]). In any event, that contention lacks merit. Although defendant contends that the Miranda warnings provided to him before he spoke to the police and signed his written statement were insufficient because he was not specifically advised of his right to have counsel present during questioning (see People v Hutchinson, 59 NY2d 923, 924 [1983]), the testimony and other evidence admitted at the hearing established that proper Miranda warnings were provided (cf. id. at 924-925).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court