People v Williams (2024 NY Slip Op 01389)

People v Williams

2024 NY Slip Op 01389

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

38 KA 20-01348

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MALCOLM E. WILLIAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered September 25, 2020. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), defendant contends that his waiver of the right to appeal is invalid and that County Court erred in refusing to suppress physical evidence and statements obtained as the result of an unlawful search and seizure. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his challenge to the court's suppression ruling (see People v Potter, 196 AD3d 1065, 1065-1066 [4th Dept 2021], lv denied 37 NY3d 1028 [2021], reconsideration denied 37 NY3d 1098 [2021]), we conclude that defendant's contention lacks merit. At the time defendant was ordered to stop riding his bicycle, he was seized for constitutional purposes (see People v Rodriguez, — NY3d &mdash, &mdash, 2023 NY Slip Op 05972, *6 [2023]). We conclude, however, that at the time the officer seized defendant, he had probable cause to believe that defendant had committed a narcotics offense and, therefore, the seizure was constitutional under the circumstances of this case (see People v Nichols, 175 AD3d 1117, 1118 [4th Dept 2019], lv denied 34 NY3d 1018 [2019]; see generally People v De Bour, 40 NY2d 210, 224 [1976]). "[V]arious factors, when combined with the street exchange of a tell tale sign of narcotics, may give rise to probable cause that a narcotics offense has occurred. Those factors relevant in assessing probable cause include the exchange of currency; whether the particular community has a high incidence of drug trafficking; the police officer's experience and training in drug investigations; and any additional evidence of furtive or evasive behavior on the part of the participants" (People v Jones, 90 NY2d 835, 837 [1997] [internal quotation marks omitted]). Although "the passing of a telltale sign of narcotics strongly suggests an illicit drug transaction," it is not "an indispensable prerequisite to probable cause" (id. [internal quotation marks omitted]).
Here, the officer testified that he observed defendant conducting what appeared, based on his training and experience, to be six to eight hand-to-hand drug transactions (see Nichols, 175 AD3d at 1118; People v Kirkland, 56 AD3d 1221, 1221 [4th Dept 2008], lv denied 12 NY3d 785 [2009]). Specifically, even though the officer could not see the items that were exchanged, he saw defendant approach each vehicle and engage in a "hand-to-hand transaction," then reach into his waistband and retrieve something, and then engage in another hand-to-hand transaction, after which defendant walked away from the vehicle (see Jones, 90 NY2d at 837). The officer testified that, in his experience, it was significant that defendant reached into his waistband because that is a common place to conceal narcotics. In addition, the officer testified that the transactions took place at a known location for the sale of narcotics (see Nichols, 175 AD3d at [*2]1118).
Inasmuch as the officer had probable cause to believe that defendant had committed a crime, his pat-down of defendant was permissible (see People v Benjamin, 51 NY2d 267, 270 [1980]; People v Smith, 134 AD3d 1453, 1454 [4th Dept 2015]; People v Burnett, 126 AD3d 1491, 1493 [4th Dept 2015]). The fact that the officer did not believe that he had probable cause to stop defendant until defendant committed a Vehicle and Traffic Law violation is of no moment. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis" (Whren v United States, 517 US 806, 813 [1996]; see People v Robinson, 97 NY2d 341, 349 [2001]). Rather, "the Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, whatever the subjective intent" (Robinson, 97 NY2d at 349 [internal quotation marks omitted]). Similarly, inasmuch as the officer had probable cause to stop defendant, we reject defendant's contention that his statements were the product of an illegal search (see People v Gibbs, 167 AD3d 1580, 1580 [4th Dept 2018], lv denied 33 NY3d 976 [2019]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court