■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JACK, Appellant. [802 NYS2d 129]—

Judgment, Supreme Court, New York County (Renee Allyn White, J.), rendered April 22, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. At a location known for narcotics activity, a trained and experienced officer observed defendant transfer an unidentified object or objects to another man through a maneuver in which the two men placed their cupped hands together. The officer also noticed that the second man was about to hand something to defendant. As the officer approached and identified himself, defendant walked away and the second man dropped the objects that had been in his hand. The officer also observed that the second man had a $20 bill in the hand he had been extending to defendant. These circumstances provided probable cause for defendant's arrest (*see People v Jones*, 90 NY2d 835 [1997]; *People v Graham*, 211 AD2d 55 [1995], *lv denied* 86 NY2d 795 [1995]), and it was not necessary for the People to establish that, prior to defendant's arrest, the officer recognized the objects dropped by the apparent buyer to be packets of drugs.

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.