■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE FRIERSON, Appellant. [877 NYS2d 257]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at hearing; Arlene R. Silverman, J., at nonjury trial and sentence), rendered January 31, 2007, convicting defendant of robbery in the third degree (three counts), attempted

robbery in the third degree and criminal possession of stolen property in the fourth degree (three counts), and sentencing him, as a second felony offender, to an aggregate term of 5½ to 11 years, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. From an observation post in a drug-prone location, a police officer trained and experienced in the detection of narcotics transactions observed defendant converse briefly with another man, and then transfer currency to him in exchange for an unidentified object, in a manner the officer believed was indicative of a drug transaction. These circumstances provided probable cause for defendant's arrest (*see People v Jones*, 90 NY2d 835, 837 [1997]; *People v Wilson*, 46 AD3d 254 [2007], *lv denied* 10 NY3d 818 [2008]; *People v Jack*, 22 AD3d 238 [2005], *lv denied* 5 NY3d 883 [2005]). There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

At the hearing, the People met their initial burden of demonstrating the fairness of the lineup at issue by offering testimony that fillers were selected on the basis of their generally similar appearance to defendant. Defendant did not meet his ultimate burden of establishing that this lineup was unduly suggestive (*see People v Jackson*, 98 NY2d 555, 558-559 [2002]; *People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting one of the robbery convictions (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determination that defendant is the person depicted in a surveillance photograph taken at the scene of this robbery.

Defendant's remaining argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.