People v Osman (2015 NY Slip Op 01396)





People v Osman


2015 NY Slip Op 01396


Decided on February 17, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2015

Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels, Clark, JJ.


14231 4673/12

[*1] The People of the State of New York, Respondent,
v
Mohammed Osman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), and DLA Piper LLP, New York (Nicholas Aldrich of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ross D. Mazer of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered July 2, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed. The court properly denied defendant's suppression motion. In an area known for drug activity, a police officer trained and experienced in the detection of narcotics transactions observed defendant, whom the officer had previously arrested for a drug sale, make a hand gesture to another man. The two men then walked away together, and the man then gave money to defendant in exchange for an unidentified object, which defendant transferred by way of a closed fist. We have repeatedly held that such circumstances may provide probable cause for a defendant's arrest (see e.g. People v Frierson, 61 AD3d 448 [1st Dept 2009], lv denied 12 NY3d 915 [2009]). "Street sellers of narcotics should not enjoy an immunity from arrest or search merely because they are able to conceal their wares during the exchange; concealment is itself a common characteristic of illegal conduct. . . . (People v Graham, 211 AD2d 55, 59 [1st Dept 1995], lv denied 86 NY2d 795 [1995]). In this case, even without police training, "any person observing defendant . . ., using good common sense" would have concluded that he had sold drugs to the other man (id. at 60).
At the very least, the officer had a founded suspicion of criminality that justified his common-law inquiry. Even if defendant's behavior did not already provide the officer with probable cause, that level of suspicion was reached when defendant gave a false or suspicious explanation of his interaction with the other man, and then acknowledged having pills, which, in context, could reasonably be interpreted as referring to illegal drugs.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 17, 2015
CLERK