People v Cruz (2018 NY Slip Op 01387)





People v Cruz


2018 NY Slip Op 01387


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5849 4761/14

[*1]The People of the State of New York, Respondent,
v
Edwin Cruz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Daniel P. Conviser, J. at jury trial and sentencing), rendered August 25, 2015, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, tampering with physical evidence and resisting arrest, and sentencing him, as a second felony drug offender, to an aggregate term of 4 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The hearing court saw and heard the witnesses, and there is no basis for disturbing its credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]), including those relating to a detective's ability to observe an apparent drug transaction. The credible testimony established that the detective had probable cause to arrest defendant at the outset of the pursuit (see e.g. People v Jack, 22 AD3d 238 [1st Dept 2005], lv denied 5 NY3d 883 [2005]). Accordingly, defendant's abandonment of physical evidence was not precipitated by any police illegality.
Defendant's legal sufficiency claims relating to his tampering with physical evidence and resisting arrest convictions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that those convictions were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
We have considered and rejected defendant's arguments concerning the court's response to a jury note relating to the resisting arrest charge. In any event, any error in this regard was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK